## PEARLSTINE v. PHOENIX INS. CO.

1. EVIDENCE—PAROL.—AN EXPRESS TRUST in personal property may be proved by parol.

2. AN INSURANCE COMPANY cannot avail itself of a provision in its policy that it should be void if certain facts therein mentioned as essential to the insurance should be found not to exist where those facts were known to the agent issuing the policy not to exist when policy was issued, and existence of such facts and knowledge of the agent may be proved by parol.

3. APPEAL.—Ground of objection to admission of evidence not urged below will not be considered here.

Before TOWNSEND, J., Bamberg, April, 1905.    Reversed.

Action by T. W. Pearlstine, as trustee for S. W. Pearlstine, and S. W. Parlstine, against Phœnix Insurance Co. From judgment for defendant, plaintiffs appeal.

*Messrs. Izlar Bros. & Rice,* for appellants, cite: *The contract of insurance in question here is binding on defendant:* Wood on Fire Ins., 2 ed., 1208, 560, 207, 1161, 1121, 1163, 646-7; May on Ins., 606-7; 13 Ency., 2 ed., 222, 229; 5 Wall., 509; 49 Mo., 578; 7 L. R. A., 572; 21 W. Va., 366; 31 W. Va., 651; 93 Ill., 96; 4 L. R. A., 460; 68 N. Y., 434; 24 N. Y., 302; 8 Fed. R., 428; 48 S. C., 195; *Montgomery* v. *Ins. Co.,* 67 S. C.; Code of Proc., 134; 42 S. C., 14; 51 S. C., 540; 54 S. C., 599; 55 S. C., 589; 57 S. C., 358; *Madden v. Ins. Co.,* 70 S. C.; 48 S. C., 145; *Pelzer* v. *Ins. Co.,* 36 S. C.    *Parol evidence to show knowledge of agent is competent:* Wood on Fire Ins., 2 ed., 208, 207, 506, 1161; May on Ins., 132; 10 Bliss, 116; 31 W. Va., 651; *Montgomery* v. *Ins. Co.,* 67 S. C.; *Graham* v. *Ins. Co.,* 48 S. C.; *Madden* v. *Ins. Co.,* 70 S. C.; 48 S. C., 145; *Kapham* v. *Ryan,* 16 S. C.; *Maffatt* v. *Hardin,* 22 S. C.; *Greesback* v. *Marshall,* 44 S. C.; *Bruce* v. *Moore,* 51 S. C.; 5 Wall., 509; 13 Ency., 222, 229.    *Contract of insurance can be enforced at law without reforming:* Wood on Ins., 2 ed., 1111, 1163;

13 Wall., 221; 34 Ia., 87; *Graham* v. *Ins. Co.*, 48 S. C.; *Pelzer* v. *Ins. Co.*, 36 S. C.; 67 S. C., 399. *Error to direct a verdict here:* 45 S. C., 46; 44 S. C., 104; 48 S. C., 195; 52 S. C., 36; 53 S. C., 10; 57 S. C., 243; 51 S. C., 358; 52 S. C., 580; 21 S. C., 550; 54 S. C., 599.

*Messrs. Smith, Hammond & Smith* and *John R. Bellinger,* contra, cite: *None but parties to a contract of insurance can obtain benefit of it:* 1 Clement on Fire Ins., 19, 18, 454, 455; 26 S. E., 332; 70 S. C., 75; 9 Wall., 161; 183 U. S., 308; 151 U. S., 452; 54 S. C., 343; Code 1902, 134. *Express trust cannot be shown by parol:* 57 S. C., 155; 59 S. C., 283; 52 S. C., 393; 13 Rich. Eq., 101; 34 S. C., 259. *Capacity in which insured acted could not be shown by parol if it contradicted writing:* 54 S. C., 343; 1 McC. Ch., 490; 5 Rich. Eq., 95; 29 S. C., 544; 27 S. C., 360; 33 S. C., 243; 42 S. C., 66; 35 S. C., 141; 42 S. C., 1.

April 18, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought by T. W. Pearlstine, styling himself trustee for S. W. Pearlstine, and S. W. Pearlstine in his own right, on a fire insurance policy, appearing on its face to have been issued to T. W. Pearlstine individually. The policy was for $1,200, and no question arises in this appeal as to the destruction by fire or the value of the stock of merchandise and store fixtures which it covered. The portions of the complaint to which the appeal relates are: (1) the allegation that "the plaintiff, S. W. Pearlstine, had an interest in the property insured as the owner thereof," &c., and (2) "that the said policy of insurance was issued by the defendant and delivered to the plaintiff, S. W. Pearlstine, in the name of the plaintiff, T. W. Pearlstine, for the sole use, benefit and protection of the plaintiff, S. W. Pearlstine, and with the full knowledge and consent of the defendant."

According to the testimony of S. W. Pearlstine, offered in support of these allegations, the goods and fixtures insured were owned by him in a business which he conducted under the name of T. W. Pearlstine, and he made known these facts four years before the fire to Folk, the agent through whom the insurance policy now in issue was procured. At that time, however, the policy obtained from Folk was issued by the Pacific Insurance Company, and the witness said he did not know whether Folk was then agent of the defendant company or not. With this foundation the plaintiff offered in evidence an insurance policy issued by the defendant company to T. W. Pearlstine on a stock of goods described in the policy as being in "one shingle roof frame building, while occupied by assured as store, situate No. 430, on the east side of Bamberg street, Block No. ——, Bamberg, S. C." This was the same description given by S. W. Pearlstine of the building wherein he kept the stock of goods referred to in his evidence as owned by him, in a business conducted by him in the name of T. W. Pearlstine.

Objection being made to the introduction of the policy, the Court ruled as follows: "One objection makes this point, that the policy is issued solely to T. W. Pearlstine. I would like to know from plaintiff's counsel under what allegation of the complaint they are going to get this in. Of course, any policy issued or paper introduced must be in accordance with the allegations of the complaint, otherwise it is not competent or relevant. I am satisfied the policy cannot be introduced; it will have to be reformed in a court of equity first. It cannot be varied by parol testimony. This is a Court of law, and plaintiff is suing upon a written contract and you cannot vary or explain it."

. Without going further into the details of the evidence offered and rejected. it will be sufficient to say the Circuit Court held: first, that an express trust cannot be proved by parol, and rejected all evidence offered to prove that T. W. Pearlstine was merely a trustee for S. W. Pearlstine, the real owner; and second, that parol evidence would not be received

to establish that a policy of insurance issued in the name of T. W. Pearlstine individually covered property which was known by the insurance agent before the policy was issued not to belong to him, but to S. W. Pearlstine, doing business as T. W. Pearlstine, and that the insurance was for the benefit of the real owner. After the exclusion of the policy and parol evidence on these points, the Circuit Court directed a verdict for the defendant, which was a proper instruction if the evidence offered was incompetent. We think, however, the evidence should have been admitted. The policy provided: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement, indorsed hereon or added hereto, and as to such provisions or conditions no officer, agent or representative shall have power or be deemed or held to have waived such provisions or conditions unless such a waiver, if any, shall be written upon or attached thereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." It also contained this stipulation: "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto shall be void * * * if the interest of the assured be otherwise than unconditional and sole ownership."

It cannot be doubted the Circuit Court was in error in holding an express trust in personal property cannot be proved by parol evidence. *Harris* v. *Bratton*, 34 S. C., 259, 13 S. E., 447.

On the second point, the views of the Circuit Court were in accord with a line of decisions in this country, which hold that it is not competent to show by parol evidence that a condition stated in an insurance policy as essential to its

validity was known by the local agent not to exist at the time the policy was issued, when the policy provides that no officer or agent shall have power to waive any of the conditions of the policy except by written indorsement thereon. This view is stated and maintained with great force in *Northern Assurance Company of London* v. *Grand View Building Association,* 183 U. S., 308, where the authorities in its support, both English and American, are reviewed. But the rule adopted in this State and the large majority of the States of the Union is that an insurance company cannot avail itself of provisions in the policy that it should be void if certain facts therein mentioned as essential to the insurance should be found not to exist when these facts were known to the agent not to exist when the policy was issued through him, and the existence of such facts and the knowledge of the agent may be proved by parol. *Pelzer Mfg. Co.* v. *Sun Fire Ins. Co.,* 36 S. C., 273, 15 S. E., 562; *Graham* v. *Ins. Co.,* 48 S. C., 195, 26 S. E., 323; *Gandy* v. *Ins. Co.,* 52 S. C., 224, 29 S. E., 655; *Schroeder* v. *Ins. Co.,* 51 S. C., 181, 28 S. E., 371. The defendant insists, however, that even under this view the Circuit Judge was right in excluding the policy, because there was no evidence of notice to Folk as its agent that the property belonged to S. W. Pearlstine when he issued the policy in the name of T. W. Pearlstine. This ground of objection to the admission of the policy was not taken in the Court below, and it would not be fair to plaintiffs to consider it here, if for no other reason, because the plaintiffs might have supplied the evidence if notice of it had been interposed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the cause remanded to that Court for a new trial.