12555

AYERS v. BUSINESS MEN'S INS. CO.

(146 S. E., 147)

*Messrs. Harby, Nash & Hodges* for appellant,

*Messrs. Epps & Levy,* for respondent,

358

January 3, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The subject of this action was a life insurance policy in the amount of $250, issued by the defendant on the life of Mrs. Lillian Mims, a sister of the plaintiff, who was the named beneficiary.

In the trial in the Court of Common Pleas for Sumter County, the presiding Judge, Hon. H. F. Rice, directed a verdict for the defendant upon two grounds: (1) That there was collusive fraud on the part of the agent of the company and the beneficiary in the issuance of the policy; and (2) that the policy was void under its own terms, because at the time of the application and issuing of the policy the insured was not in sound health.

In this appeal by the plaintiff from the directed verdict against him, the contention is made that the agent's knowledge of the ill health of the insured estops the company from asserting the forfeiture; and therefore the case should have been submitted to the jury for determination.

In presenting their position, appellant's counsel rely upon the authority of *Rearden v. Insurance Co.,* 79 S. C., 529, 60 S. E., 1106; *Huestess v. Insurance Co.,* 88 S. C., 31, 70 S. E., 403; and *Rogers v. Insurance Co.,* 135 S. C., 89, 133 S. E., 215, 45 A. L. R., 1172. The main principle stated in the cited cases has been so long recognized by this Court that it is no longer open to question. That general principle, as announced in one of the syllabi of the *Huestess case,* is this: "A principal is bound by the act of his agent even where he is actuated by a fraudulent intent, if he is acting within the scope of his employment."

But it is recognized in the *Huestess case* that the
company should not be bound by the agent's knowl-
edge when the insured, or the person acting for the
insured, participated in the fraud. The majority opinion
of the Court on this point seems to be in full accord with
the opinion of Mr. Justice Woods (who dissented on other
grounds), where the rule, together with the exception that
seems applicable to the present case, is concisely stated as
follows: "The rule has been laid down in this State that an
insurance company cannot set up forfeiture on account of
facts known by the agent of the company to be existing at
the time of making the contracts. *Pelzer Mfg. Co. v. Sun
Fire Office,* 36 S. C., 213, 15 S. E., 562; *Pearlstine v. Phoe-
nix Ins. Co.,* 74 S. C., 246, 54 S. E., 372; *Fludd v. Equitable
Society,* 75 S. C., 329 [315], 55 S. E., 762; *Rearden v.
State M. L. Ins. Co.,* 79 S. C., 526, 60 S. E., 1106. *The
exception to this rule is that the principal will not be bound
by the knowledge of the agent if the agent is acting in fraud
of his principal and is aided in his corrupt design by the
intentional fraud of the party applying for insurance.* Kno-
belock v. Germania Savings Bank,* 50 S. C., 259, 27 S. E.,
962; *State v. Talley,* 77 S. C., 99, 57 S. E., 618, 11 L. R. A.
(N. S.), 938n [122 Am. St. Rep. 559]." (Italics ours.)

We do not find anything in the *Rearden* and *Rogers*
cases which conflicts with the exception to the rule
laid down in the *Huestess case,* which we have ital-
icized above.

It appears from the evidence that the beneficiary, tempted
by the suggestion of the agent that a small policy on his
sister's life could be written up without examination, stood
by while the agent filled in false answers and forged the
name of Mrs. Mims to the application. Coupled with the
forged application was the fraudulent certificate of the agent
that he had personally seen and questioned the applicant and
recommended the risk. The plaintiff's own testimony,
showing that the issuance of the policy was procured in this

manner, stamps the scheme of taking out the insurance as fraudulent from its very inception. And his testimony also showed that he knew what the agent was doing and aided therein. As soon as the company found out how it had been imposed upon, it offered to return the premiums received by it.

Let the testimony of the plaintiff be reported.

The judgment of this Court is that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER and CARTER, concur.