D. B. WILLETT v. NATIONAL ACCIDENT AND HEALTH INSURANCE COMPANY.

(Filed 26 June, 1935.)

1. **Insurance I b—Evidence held to support verdict that insured did not obtain policy by false and fraudulent misrepresentations.**

   Evidence in behalf of plaintiff insured was to the effect that he told defendant insurer's agent at the time of applying for the policy that he had sustained a fractured skull from which he had entirely recovered, that he offered to tell more of his illnesses, and that the agent declared that since insured had recovered from the fracture, it would be unnecessary to give further information. Evidence in behalf of insurer tended to show that insured had suffered injuries other than the fracture, and that insured made no attempt to disclose such other injuries. *Held:* The evidence was sufficient to support the finding by the court, a jury trial having been waived, that insured did not obtain the policy by means of false and fraudulent representations or concealments, the evidence being conflicting, and the burden of proof on the issue being on insurer.

2. **Same: Evidence J a—Where instrument is attacked for fraud, parol evidence is competent to establish and refute allegation of fraud.**

   Where insurer alleges fraud in the procurement of a policy of insurance by false and fraudulent misrepresentations or concealments in insured's application for the policy, parol evidence for insurer is competent to establish such fraud, and for insured to refute the alleged fraud, and

insurer's contention that insured's testimony that insurer's agent stated that other information required by the application would not be necessary was incompetent, as being in contradiction of the written instrument, cannot be sustained.

STACY, C. J., and BROGDEN, J., dissent.

APPEAL by defendant from *Cowper, Special Judge,* at the December Special Term, 1934, of WAKE. Affirmed.

This is a civil action for the recovery of benefits under a policy of accident insurance issued by the defendant to the plaintiff, and was heard *de novo* by the judge of the Superior Court upon an appeal from the justice of the peace.

It was stipulated and agreed that if the plaintiff was entitled to recover at all, he was entitled to recover the sum of $196.00; $80.00 per month for disability for two months and $36.00 for twenty-seven days' hospital benefits. A jury trial was waived by the parties, C. S., 568; and the following issue was tendered by the defendant, and agreed to by both parties as the proper issue in the cause, to wit:

"1. Was the policy of insurance in controversy obtained from the defendant insurance company by means of false and fraudulent representations or concealments, as alleged in the answer?"

After hearing the evidence for both the plaintiff and defendant and argument of counsel of both parties, the court answered the issue in the negative, and entered judgment for $196.00 in favor of the plaintiff. From this judgment the defendant appealed to the Supreme Court, assigning errors.

*R. L. McMillan for plaintiff, appellee.*
*J. M. Broughton and W. H. Yarborough, Jr., for defendant, appellant.*

SCHENCK, J. By tendering the issue as appears in the record the defendant admitted the plaintiff's right to recover, unless the policy sued upon was obtained by means of false or fraudulent representations or concealments, and also assumed the burden of establishing the fraud. The evidence is sharply in conflict. The plaintiff's evidence tends to show that he told the agent of the defendant at the time the application for the insurance was made that he had a fracture of the skull from which he had entirely recovered, and that when the plaintiff offered to tell more of his illnesses, the agent of the defendant declared that since the plaintiff had recovered from the fracture, it would not be necessary for him to give other information. The evidence of the defendant tends to show that the plaintiff had suffered other illnesses not shown in the application for insurance, and made no effort to make known any other

illnesses than the fracture of the skull from which he said he had recovered. The court answered the issue in favor of the plaintiff and against the defendant, and since there was sufficient evidence to sustain such answer, the assignments of error based upon the court's refusal to grant a judgment as of nonsuit are untenable.

The assignments of error based upon the court's refusal to strike out the parol evidence as to what was said and done at the time the application for insurance was signed by the plaintiff for the reason that. it varied the terms of a written contract are likewise untenable, since when it is sought to invalidate a written instrument for fraud in its procurement, parol evidence of the fraud is admissible, and not objectionable on the ground that it varies or contradicts the written instrument; *Hunter v. Sherron,* 176 N. C., 226; and if parol evidence is competent to establish such an allegation of fraud, it follows that parol evidence is likewise competent to refute such an allegation.

The judgment below is
Affirmed.

STACY, C. J., and BROGDEN, J., dissent.