14594

ABLE v. PILOT LIFE INS. CO.

(194 S. E., 628)

May, 1937.

*Messrs. Smith, Wharton & Hudgins* and *Haynsworth & Haynsworth,* for appellant,

*Messrs. Wyche & Burgess,* for respondent,

January 4, 1938.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

This action was brought on July 2, 1936, to recover the sum of $1,000.00 alleged to be due the plaintiff as beneficiary under a policy of insurance issued by the defendant company on the life of one Carlos Harth Able, Jr. As a defense, the defendant pleaded that "the policy was issued upon the express condition that it should not take effect until it had been delivered to the insured, and the first premium thereon actually paid during the lifetime and good health of the insured"; and that, upon information and belief, on the date the policy was delivered the insured was not in good health, but was then confined in a Greenville hospital suffering from spinal meningitis, from which he subsequently died.

The case was tried before Judge Oxner and a jury on May 17, 1937. At the close of the testimony, each side moved for a directed verdict. Both motions were refused, and the jury found for the plaintiff $1,000.00, with interest.

While there are two exceptions, only one question is presented by the appeal: Was the trial Judge in error in refusing defendant's motion for a directed verdict?

The record discloses that on May 8, 1936, application was made by Able to the defendant company, through its agent, H. H. Woods, for a policy of life insurance in the sum of $1,000.00. He was examined on May 9th by Dr. Bishop, the company's physician, who reported him to be a good risk. Pursuant to the application and the report, the policy, dated May 14, 1936, was issued to the defendant. It contained a provision that it would not take effect until it had been delivered to the insured and the first premium had been actually paid during the lifetime and good health of the insured.

The plaintiff testified that on Saturday morning, May 16, 1936, Woods came to her home to deliver the policy, and that she told him her son Carlos was sick, and that she would rather he would come back about 10 o'clock Monday morning, as she desired to devote her time to her son; that when Woods returned on Monday morning, she advised

him that Carlos had been taken to the hospital and that he was a very sick boy; that she then paid the agent the quarterly premium and he gave her a receipt therefor and delivered the policy to her; and that he did this after she had told him of the insured's condition. The plaintiff's daughter also testified that she was in the hall and heard this conversation between her mother and the insurance agent at the time the policy was delivered. Woods testified practically to the same effect, except that he claimed to have delivered the policy before the plaintiff advised him that her son had been taken to the hospital. He admitted, however, that the plaintiff did not deceive him in any way, but told him the truth about the whole matter. In short, the testimony showed that the insured was suffering with a serious illness at the time the policy was delivered, and that Woods, the defendant's agent, knew that he was ill and in the hospital. It is conceded that there was no fraud on the part of the insured or of his mother, the plaintiff, who paid the premium for him.

Under this testimony, and other evidence in the case, the question of waiver by the company of the quoted provision of the policy was undoubtedly one for the jury, and was properly submitted to them by the trial Judge. Provisions of this kind in life insurance policies have been before this Court a number of times, and it has been uniformly held that such a provision may be waived by the company's agent delivering the policy. The principle is so well established that a discussion of it would seem unnecessary. However, we will refer to some of the cases.

In *Pearlstine v. Phoenix Ins. Co.*, 74 S. C., 246, 54 S. E., 372, 373, the Court said: "The rule adopted in this State and the large majority of the states of the Union is that an insurance company cannot avail itself of provisions in the policy that it should be void if certain facts therein mentioned as essential to the insurance should be found not to exist when these facts were known to the agent not to exist when the policy was issued through him, and the ex-

istence of such facts and the knowledge of the agent may be proved by parol." While this decision had to do with fire insurance, it has been frequently quoted from and the principle therein stated applied by this Court in life insurance cases.

We find the following in *Fludd v. Assurance Society,* 75 S. C., 315, 55 S. E., 762, 764: "The knowledge of an agent acquired within the scope of his agency is imputable to his principal, and, if an insurance company, at the inception of the contract of insurance, has knowledge of facts which render the policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such grounds of forfeiture."

And in *Rogers v. Atlantic Life Insurance Company,* 135 S. C., 89, 133 S. E., 215, 220, 45 A. L. R., 1172: "If Tiller, the general agent of the company, knew or was told before the insurance was issued that a bump or tumor had been removed from the face of James A. Rogers, his knowledge of these facts was imputed to the insurance company, and the question of waiver on the part of the company was properly submitted to the jury."

And also in *Galphin v. Pioneer Life Insurance Company,* 157 S. C., 469, 154 S. E., 855, 858: "The jury was instructed that it was not disputed that the insured was in bad health on September 14, and, if the policy was delivered to him on that date, then it was void, unless the agent knew of his sickness, in which case his knoweldge would be imputed to the company. The appellant complains that this was error, for the reason that 'knowledge of the agent of the fact that the plaintiff had at that time suffered a stroke of paralysis would not be imputed to the company in that it would be a fraud upon the company for the benefit of the insured of which he ought not to be allowed to take advantage.' In disposing of the exception raising this question, we call attention to the recent case of *Ayers v. Insurance Company,* 148 S. C., 355, 146 S. E., 147, and authorities cited in the opinion. The principle is well-established

that the insurer is bound by the acts of its agent acting within the scope of his authority, even though the agent is actuated by a fraudulent intent; and that the rights of the insured are not affected thereby unless he participated in the fraud. In the case at bar, there was no testimony that the insured was a party to a fraud in the delivery of the policy on September 14, if it was delivered on that date, which was a question in dispute. Under the issues made by the evidence, the charge was a correct statement of the law applicable."

The policy of insurance in *Fender v. New York Life Insurance Company*, 158 S. C., 331, 155 S. E., 577, contained, as in the policy before us, a provision that only an executive officer was empowered to waive any forfeiture or to bind the company in any manner. The Court said:

"The insured, as well as the insurer, may waive a condition precedent to the delivery of a policy which is solely for his benefit. *Going v. Insurance Co.,* 58 S. C., 201, 36 S. E., 556.

"While dissenting on other grounds to the judgment of the Court, Mr. Justice Woods conceded, in *Huestess v. Insurance Co.,* 88 S. C., 31, 70 S. E., 403, 408, 'The rule has been laid down in this State that an insurance company cannot set up forfeiture on account of facts known by the agent of the company to be existing at the time of making the contracts.'

"The recent cases of *Rogers v. Insurance Co.,* 135 S. C., 89, 133 S. E., 215, 45 A. L. R., 1172, and *Jennings v. Clover Leaf, etc., Co.,* 146 S. C., 41, 143 S. E., 668, support the proposition that a condition precedent may be waived. There are numerous other decisions in line with these cases—too many of them for us now to refer to.

"But the appellant strongly urges, and mainly rests its case upon the proposition, that the soliciting agent, Beach, had no authority to waive the stipulation in the policy that waiver could only be made by an executive officer of the

company. The law, as recognized by this Court, however, is absolutely against appellant's contention."

The following from *Gandy v. Insurance Company,* 52 S. C., 224, 29 S. E., 655, is then quoted with approval: "An insurance contract, like any other contract, may be altered by the contracting parties, and the insurer may, of course, waive any provision for forfeiture therein. It may also waive the provision relating to the manner or form of waiver by its agents, since this clause has no greater sancity than any other part of the instrument."

And from *McLaurin v. Mutual Life Insurance Company,* 115 S. C., 59, 104 S. E., 327, 329:

"The president, the vice-president, and the secretary cannot solicit, or collect, or deliver; they must commit that to others, and along with it the discretions we have adverted to. * * * The power in the local agent to withhold the policy involves the power to deliver it; there is no escape from that conclusion.

"But the appellant says, even though the local agent should have concluded that the applicant was in good health, yet, if the fact be the contrary, then the policy never operated. The parties intended to make a contract, and that involved the doing of everything necessary to carry it into operation, to wit, the acceptance of the applicant as a person in good health. They never intended to leave open that one essential element of the contract, when the parties dealt fairly one with the other. It is plain, therefore, that upon the facts it is not necessarily a case of waiver or of estoppel, but a case where the local agents, in the exercise of the powers lodged in them, accepted the premium and delivered the policy. That act binds their principal, the defendant."

Further citation of authority is unnecessary, but see the following decisions from other jurisdictions: *National Life & Accident Company v. Sneed,* 40 Ga. App., 131, 149 S. E., 68; *McClelland v. Mutual Life Insurance Company,* 217 N. Y., 336, 111 N. E., 1062; *Bible v. John Hancock Mutual Life Insurance Company,* 256 N. Y., 458, 176 N.

E., 838; *Heffron v. Aetna Life Insurance Company*, 233 App. Div., 534, 253 N. Y. S., 765; *Inter-Southern Life Insurance Company v. Ransom*, 149 Ark., 517, 232 S. W., 754; *Connecticut Indemnity Association v. Grogan's Adm'r (Ky.)*, 52 S. W., 959.

Counsel for the appellant contend, and this is the burden of their argument, that the principle stated in our decided cases should apply only where the agent delivers the policy when the insured is suffering from some slight temporary ailment, of which the agent fully knows; but that where the illness is of a serious nature, the principle is entirely different; that is to say, when the ailment is a serious one, the agent cannot waive the condition of the policy as to its delivery, and in such case it should be held that he is without authority or power to bind his principal. In short, it is argued that whether the company is bound or not depends upon how ill the insured is at the time of such delivery; whether seriously or otherwise.

This contention, however, is without support in the decisions. The principle is the same, whatever the nature or degree of the illness. It is not material, so far as the insured is concerned, whether the agent exercised his discretion wisely or unwisely; and the fact that he may be "new and inexperienced," may not soundly be offered by the company as an excuse for relieving it from the result of his acts or of the mistakes made by him. Under our decisions, the act of Woods in delivering the policy, in the circumstances stated, was the act of the company, and the latter will not be heard to say that it was ignorant of the contents of the policy issued by it.

The judgment of the Circuit Court is affirmed.

As to the order settling the case for appeal, the defendant moved for a new trial on the ground that the Court erred in refusing the company's motion for a directed verdict. In denying the motion, Judge Oxner set forth at length in an order his reasons for not directing a verdict for the defendant. As no exception was made to

this order, it was not included by appellant in its proposed record for appeal. Within due time, however, the respondent asked that the record be amended by including such order. Over defendant's objection, this was allowed by the Court, and an exception was duly taken by appellant to such ruling.

While the order of Judge Oxner refusing a new trial is a very able one, the printing of it in the transcript of record was unnecessary to a decision by this Court of the question presented by the appeal. As we have said, no exception was made to this order. And we may add that counsel for respondent duly filed in this appeal a brief, in which he fully argued, with citation of authority, the one question presented for decision. The respondent, therefor, must pay for the printing of such order in the transcript of record.

And it is so ordered.

Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.