17168

ALLIE F. ELLIS, Respondent, v. CAPITAL LIFE AND HEALTH INSURANCE COMPANY OF COLUMBIA, S. C., Appellant

(93 S. E. (2d) 118)

*Messrs. Turner, Harter & Padget,* of Columbia, and *Nash & Wilson,* of Sumter, *for Appellant,*

*Messrs. George D. Levy* and *C. M. Edmunds,* of Sumter, *for Respondent,*

May 23, 1956.

LEGGE, Justice.

Respondent, as beneficiary of a policy issued by appellant on the life of her brother, Rochell F. Morrell, brought this action, following his death, to recover its proceeds. Appellant, admitting the issuance of the policy, set up by way of defense:

(1) That the insured, in his answers to certain questions contained in the written application for the policy, had misrepresented material facts, in reliance upon the truth of which appellant had issued the policy without a medical examination, in that he had answered certain questions as follows:

"Are you in good health at present?" "Yes".

"Have you been a patient in any hospital during the past 10 years?" "No".

"Has it been necessary for you to consult a doctor during the past 2 years?" "No".

(2) That on the date of the issuance of the policy and for some time prior thereto, the insured was and had been suffering from a brain tumor, as the result of which he died shortly after the issuance of the policy; and that therefore appellant's liability was limited to the refund of premiums paid because of the following provisions of the policy:

"No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive

and in sound health, and the policy delivered and the first premium paid thereon. * * *

"In consideration of there being no medical examination of the physical condition of the insured, it is hereby understood and agreed that no liability of any kind is assumed by the company for death or specific loss resulting directly or indirectly from diseases originating or accidents occurring before the date and delivery of this policy, except a refund of premium paid".

At the conclusion of the evidence both parties moved for a directed verdict; and the trial judge, with their consent, withdrew the case from the jury and took the matter under advisement. Thereafter he issued an order for Judgment in favor of the plaintiff for the amount of the policy, with interest. From this order, appeal is taken upon three exceptions, which charge that the trial judge erred in not ordering judgment for the plaintiff for the amount of the premiums paid on the policy only, because the only reasonable inferences to be drawn from the evidence were: (1) That the insured knowingly made such material misrepresentations of fact in the application as to avoid the policy; (2) That the insured was not in sound health on the date and delivery of the policy; and (3) That the insured died from a disease originating before the date and delivery of the policy.

The facts, as to which there was no substantial dispute, were as follows: The insured, Rochell F. Morrell, was a taxicab driver, living in Camden, S. C. The application for the policy was procured by appellant's agent, R. C. Miller, on October 26, 1953, from the insured's sister, respondent herein, at Sumter, S. C., where she lived. All of the statements contained in the application, including the answers to the questions before mentioned, were made by the respondent, who thereafter took the application to Camden, where the insured signed it, and she thereupon delivered it to Mr. Miller in Sumter. The policy was issued on November 9, 1953, and delivered by Mr. Miller to the respondent, who

paid ten weekly premiums in advance, amounting to nine and 60/100 ($9.60) dollars. On the same day, November 9, 1953, the insured was admitted to the Veterans Administration Hospital in Columbia, S. C., where he gave a history to the effect that for the past three or four months he had suffered from drowsiness and from headache in the area of the right frontal lobe. Initial examination revealed evidence of intra-cranial pressure symptomatic of brain tumor. He was operated upon on November 13, 1953, and a malignant tumor about two inches in diameter was removed from the right frontal lobe of his brain. Death resulted on December 31, 1953, and that the cause of death was brain tumor is not questioned.

Respondent did not testify, resting her case on the policy and the receipt for the premium paid.

Appellant's agent, R. C. Miller, testified that he had known the insured for about six years, and that when he had last seen him, some three or four weeks prior to the date of the application, he was engaged in his occupation as taxicab driver and appeared to be in good health. When he delivered the policy to respondent he was not informed of that fact that the insured was in the hospital.

The Chief Surgeon of the Veterans Administration Hospital, Dr. Lippert, testified that the cancerous tumor was of such size and condition that, in his opinion, it had been active for at least six months prior to the date of the operation; that drowsiness and nausea are symptomatic of migraine headache as well as of brain tumor; and that in his opinion Morrell did not know at the time of his admission to the hospital that he had a cancerous tumor of the brain.

We shall first consider appellant's contention that the trial judge erred in not holding that the policy was avoided because of the falsity of the answer in the application to the question: "Are you in good health at present?" Answers by an applicant for insurance to questions concerning the state of his health are representations,

not warranties; and we have repeatedly held that their falsity will not avoid the policy unless they are: (1) material to the risk; (2) known by the applicant to be false; (3) made with intent to mislead the insurer; and (4) relied upon by the insurer as the basis for the issuance of the policy. *Metropolitan Life Insurance Co. v. Bates,* 213 S. C. 269, 49 S. E. (2d) 201. In the present case, appellant completely failed to establish fraudulent intent.

■ Quite another question is presented by the exceptions based upon the policy provisions hereinbefore quoted. Provision that the policy shall not take effect unless on the date of its issuance or at the time of its delivery the insured is in sound health is valid and enforceable, and is generally considered a condition precedent to insurer's liability; and in such respect the insured's ignorance of his condition is immaterial. 29 Am. Jur., Insurance, Section 154, p. 169; 45 C. J. S., Insurance, § 602, p. 428. Appleman, Insurance Law and Practice, Vol. 1, Sections 151, 154.

*Welch v. Life Insurance Co. of Virginia,* 124 S. C. 492, 117 S. E. 720, was an action for damages for non-delivery of a policy of life insurance, brought by the beneficiaries after the death of the insured. The policy had been issued and forwarded to the company's agent for delivery, but had not been delivered because the insured was ill at the time. Both the application and the policy contained the following:

" 'This policy shall not take effect until the first premium is paid and the policy delivered, nor unless on the date of said payment and delivery of the policy the insured is alive and in sound health.' "

It was undisputed that the premium had never been paid, that the policy had never been delivered, and that the insured was dead. This court, reversing the judgment below in favor of the plaintiffs, said:

"The appellant was entitled to a nonsuit as asked for on the whole case, on the ground that the application and policy contained three conditions precedent: First, payment of

the premium; second, delivery and acceptance of the policy; third, a state of good health at the time of delivery."

In *Cooley v. Metropolitan Life Insurance Co.,* 153 S. C. 280, 150 S. E. 793, 794, action on the policy was defended upon the ground that at the time of the application, at the time of the payment of the premium, and at the time of the issuance of the policy the insured was suffering from cancer, which caused her death eight days after the issuance of the policy. In that case, as here, there was no medical examination of the applicant. The receipt given for the deposit made at the time of application contained the following:

" 'No obligation is incurred by said Company, by reason of this deposit, unless and until a Policy is issued upon said application, and unless at the date and delivery of said policy the Life proposed is alive and in sound health. * * * No obligation is assumed by the Company unless the application is so approved and the Life proposed is now in sound health.' "

The policy in that case provided: "If * * * the Insured is not alive or is not in sound health on the date hereof * * * the Company may declare this Policy void, and the liability of the Company, in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy.' "

The following facts were concededly established by the evidence: In May, 1927, nearly a year before the issuance of the policy, the insured had consulted a physician at Anderson, S. C., who diagnosed her ailment as cancer but did not communicate his opinion to her. At his suggestion she was examined by an *x*-ray specialist, who reached the same diagnosis, but did not disclose it to her. During the remainder of that year she made constant visits to the hospital at Anderson for treatment. In January, 1928, a little more than a month before the date of her application for insurance, another physician was called in, and he, too, diagnosed her trouble as cancer, but withheld the information from her.

She became ill on March 2, 1928, and died a week later, of cancer.

Under these facts the trial judge held that the company's liability was limited to the return of the premium, and directed a verdict accordingly. Upon appeal, the judgment of the lower court was affirmed. The learned author of the opinion reviewed numerous authorities from other jurisdictions holding that, under the "sound health" clause, the sound health of the insured at the time of delivery of the policy is a condition precedent to the company's liability, and cited *Welch v. Life Insurance Co. of Virginia, supra,* as having thus settled the law in this jurisdiction. To quote briefly from the opinion:

"The proposition that the validity of the stipulation depends upon the knowledge of the insured that she was afflicted with a disqualifying disease I do not think can be maintained. If, as a matter of fact, she was at the time so afflicted, which is conceded, and if, as is held in the *Welch case,* the fact of her being in good health was a condition precedent to the effectiveness of the policy, her ignorance of the fact that she was cancerous could not possibly alter the admitted fact that she was".

The four other members of the court concurred in the result; and it is apparent from the two concurring opinions that the *Welch case* was by three of the members other than the author of the leading opinion considered as binding authority to the point that under the clause before mentioned the insurer's liability is to be determined by whether or not at the time of delivery of the policy the insured was in fact in sound health, regardless of his apparent health or of his own belief or that of anyone else that he was in sound health at such time. Actually, the *Welch case* was not concerned with the "sound health" issue, because there the policy had never been delivered, and the insured had died.

The rule expounded in the *Cooley case,* though not compelled by the decision in the *Welch case,* was sound in its own right, supported by the weight of

authority, and required by the fundamental principle that it is the function of the courts to construe the contracts of litigants, not make them. It was reiterated in *Crocker v. Life Insurance Co. of Virginia,* 183 S. C. 439, 191 S. E. 312, where it was conceded that the actual and not merely the apparent health of the applicant at the time of the issuance of the policy is determinative of the rights of the parties under the "sound health" clause.

The fallacy in the position of respondent here, and the error of the trial judge, lie, we think, in the failure to distinguish between cases involving misrepresentations made by the insured concerning his health in his application for insurance, and those concerned with the "sound health" provision contained in the policy.

*Metropolitan Life Insurance Co. v. Bates, supra,* on which the trial judge based his ruling in the instant case, was concerned with representations by the insured as to his health history. The conflict in the evidence as to their truth or falsity, and as to other elements necessary to constitute such statements a valid ground of avoidance of the policy, was held to require determination by the jury.

For like reason, *Rogers v. Atlantic Life Insurance Co.,* 135 S. C. 89, 133 S. E. 215, 45 A. L. R. 1172; *McLester v. Metropolitan Life Insurance Co.,* 175 S. C. 425, 179 S. E. 490; *Murray v. Metropolitan Life Insurance Co.,* 193 S. C. 368, 8 S. E. (2d) 314; and *Mickle v. Dixie Security Life Insurance Co.,* 216 S. C. 168, 57 S. E. (2d) 73, cited by respondent, and *Johnson v. New York Life Insurance Co.,* 165 S. C. 494, 164 S. E. 175; and *Phillips v. Life & Casualty Insurance Co. of Tennessee,* 226 S. C. 336, 85 S. E. (2d) 197, cited by appellant, are inapplicable to the issue under the "sound health" provision. In each of them the issues arose out of allegedly false answers by the insured to questions relating to health history contained in the application for insurance.

In *McLaurin v. Mutual Life Insurance Co.,* 115 S. C. 59, 104 S. E. 327, where was involved a stipulation in the appli-

cation that the proposed policy should not take effect unless at the time of·its delivery the insured should be in good health, the uncertain character of the medical testimony was held to require submission to the jury of the issue of whether at the time of the delivery of the policy the insured had cancer. Waiver also was there involved. Moreover, in that case the insured had been examined by the company's physician in connection with her application, four days before the issuance of the policy.

Examination of the applicant by a physician chosen by the insurance company has been held to be some evidence of one of two things: either that the alleged disease did not exist, or that its existence was known to and waived by the insurer. *Nix v. Sovereign Camp, W. O. W.,* 180 S. C. 153, 185 S. E. 175; *Murray v. Metropolitan Life Insurance Co., supra; Grant v. Metropolitan Life Insurance Co.,* 194 S. C. 25, 9 S. E. (2d) 41.

And we have held that the sound health provision of a policy may be waived by the agent who solicits or delivers the policy, if he has been informed by the insured of facts sufficient to put a reasonably prudent man on inquiry which, if pursued with due diligence would have led to knowledge of the fact that the insured was not in sound health. *Able v. Pilot Life Insurance Co.,* 186 S. C. 26, 194 S. E. 628; *Abercrombie v. Pilot Life Insurance Co.,* 214 S. C. 350, 52 S. E. (2d) 400.

In the instant case there is no evidence of waiver, and the testimony of Dr. Lippert, positive and uncontradicted, shows beyond question that the insured was afflicted with cancer of the brain when the policy was delivered. Respondent does not seriously contend otherwise. She seeks to sustain the judgment upon the same ground on which the trial judge granted it, namely: that there was no evidence of fraud or deceit on the part of the insured. But, as we have pointed out, under the defense based upon the "sound health" provision of the policy the issue is not of good or bad faith on the part of the insured, but of

whether or not he was in fact in sound health when the policy was delivered. That he was not is conclusively shown by the evidence here.

What has already been said renders unnecessary extended discussion of the provision of the policy disclaiming liability for death resulting from disease originating before its date and delivery. As applied to the facts of the instant case, that provision is substantially the same as the "sound health" clause. An insurer has the right so to contract against liability resulting from pre-existing disease; and in such case if, as here, the only reasonable inference from the evidence is that the death of the insured resulted from disease already contracted and active at the time of the date and delivery of the policy, non-liability follows as a matter of law. *Cf. Nalley v. Metropolitan Life Insurance Co.,* 178 S. C. 183, 182 S. E. 301.

Reversed and remanded for entry of judgment in favor of the respondent for the amount of the premiums paid, with costs to appellant.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.