17993

D. Chalmer SMALL, Respondent, v. COASTAL STATES LIFE INSURANCE COMPANY, Appellant

(128 S. E. (2d) 175)

*Messrs. Burroughs & Green,* of Conway, for *Appellant,*

*J. Reuben Long, Esq.,* of Conway, *for Respondent,*

November 16, 1962.

TAYLOR, Chief Justice.

This appeal comes from the Civil Court of Horry County where plaintiff sought in companion actions payment on two health policies issued by the defendant. Plaintiff also sought an Order of the Court declaring the policies to be in full force and effect and an injunction against the defendant canceling said policies.

The answers admit the issuance of the policies and allege misrepresentations as to plaintiff's previous history of health in making application to the company for the policies. The representations were allegedly made with the intent of having the company rely thereon and the defendant contends that if plaintiff had revealed his previous disorders the defendant company would not have issued the said policies.

Upon completion of all the testimony both plaintiff and defendant moved for directed verdicts. The trial Judge, the Honorable Claude L. Epps, directed a verdict in favor of plaintiff for a money judgment covering the amount of plaintiff's claim, declared the policies valid and binding contracts, and enjoined and restrained defendant from canceling said policies so long as the premiums were kept paid within the required time.

Defendant contends here that the Court erred in failing to grant its motion for a directed verdict in that statements made by plaintiff in his application, which was incorporated in and attached to the policy, were warranties and not mere representations and that the only reasonable inference to be drawn from all the testimony was that there was a breach of warranty on plaintiff's part which would void the policy.

On February 25, 1960, the plaintiff, D. Chalmer Small, made written application to the defendant for a policy of health insurance after which Policy No. 451-0010987 was is-

sued with an effective date of February 25, 1960. On August 18, 1960, plaintiff took out another health policy, No. 640-112430, with the same Company. The same agent took both applications and witnessed plaintiff's signature thereon.

Paragraph (a) of Additional Provisions of the Policy reads as follows:

"(a) The copy of the application, attached hereto, is hereby made a part of this contract and this policy is issued in consideration of the answers shown to the questions in the application and the payment in advance of the Initial Premium for the initial term ending on the First Renewal Date."

Defendant's contention is that the answers to Paragraph 7 of the application were falsely made with intent to and did deceive the Company into issuing the policies. Such questions and answers read as follows:

"7. To the best of your knowledge, have you or your listed dependents, if any, ever had any of the following disorders:

\* \* \*

"(4) Ulcer, gall bladder or stomach trouble? *No*

\* \* \*

"(B) During the past 5 years, have you or your listed dependents, if any, had any injuries or any physical or mental disorders other than those listed above or had any physical examination? *No*"

The testimony for both plaintiff and defendant was extremely brief and consisted of only plaintiff's testimony and that of two physicians called by defendant. Plaintiff testified as to the existence of the two policies, the payment of premiums, his hospitalization in April and May of 1961, and nonpayment of his claim by defendant. On cross examination, he stated that he had been treated by Drs. Wilson and Smith for gastroenteritis or indigestion caused by stomach acid.

Dr. Wilson, witness for defendant, testified that he had treated the plaintiff in January, 1958. At the time plaintiff was admitted to the hospital, examination revealed no significant abnormalities and his final diagnosis was cardio spasms which is a spasm of a portion of the stomach and would be a form of stomach trouble. The doctor further testified that plaintiff stated his health had been good except for having indigestion for some years after eating which was usually relieved by eating Tums or expelling the gas, that plaintiff's past history is typical of what people call heartburn and could be caused by eating sweet potatoes. The other physician, Dr. Smith, testified that he had treated plaintiff in May, 1961, after the issuance of the policies, and at that time plaintiff was complaining of a severe chest pain. This pain could be caused by gastroenteritis which is related to the stomach and is generally speaking temporary. There is no evidence that plaintiff was informed as to this diagnosis or its consequences.

It is well settled that the law does not favor a forfeiture of rights under an insurance policy and this is especially true when an insurer attempts to void the policy after the occurrence of an event indicating liability.

In some jurisdictions it has been held that, in order to avoid a contract of insurance, a false representation of a material fact must have been fraudulently made with intent to deceive or defraud. In these jurisdictions, a representation, although material to the risk, if made in good faith, will not, because the statement is untrue, render the contract void or voidable. 45 C. J. S., Insurance § 473, p. 174; *Metropolitan Life Insurance Co. v. Bates,* 213 S. C. 269, 49 S. E. (2d) 201.

The answers in Paragraph 7 are required to be correct only to the best of the applicant's knowledge. There has been no showing that the plaintiff knowingly falsified these answers with intent to deceive Appellant Company into issuing the policies in question. The fact that an application is attached to an insurance contract in accordance with Section 37-146, Code of Laws of South Carolina, 1952,

and expressly made a part of the contract, does not render the applicant's statements warranties in light of Section 37-451, Code of Laws of South Carolina, 1952.

The following statement of this Court on this subject in the recent case of *Atlantic Life Insurance Co. v. Beckham,* S. C., 126 S. E. (2d) 342, is apropos here:

"Answers to questions concerning the health of an applicant for life insurance are representations and not warranties, and such answers, even if false, will not void the policy unless they are material to the risk, known by the applicant to be false, made with the intent to mislead the insurer and are relied upon by the insurer as a basis for the issuance of the policy. *Ellis v. Capital Life and Health Insurance Company,* 229 S. C. 388, 93 S. E. (2d) 118. Only in rare cases should a verdict be directed for the insurer. * * *

"It is incumbent upon the insurer to show not only that the statements complained of were untrue but, in addition, that their falsity was known to the applicant, that they were material to the risk, and relied on by the insurer, and that they were made with the intent to deceive and defraud the company. * * *"

See also *Ellis v. Capital Life and Health Ins. Co.,* 229 S. C. 388, 93 S. E. (2d) 118.

Defendant further alleges error by the trial Judge in admitting, over defendant's objection, testimony of plaintiff that defendant's agent had been informed of plaintiff's previous medical history. This testimony is not as alleged by defendant an attempt to vary by parol evidence the terms of a written contract, but rather is admissible under the rule that parol evidence is competent to refute an allegation of procuring insurance by fraud. *Willett v. National Accident and Health Insurance Co.,* 208 N. C. 344, 180 S. E. 580. An insurance company is bound by the knowledge of an agent acting within the scope of his authority, as to applicant's physical condition. *Roberts v. National Benefit Life Ins. Co.,* 150 S. C. 326, 148 S. E. 179; and the knowledge

of the agent may be proved by parol evidence. *Pearlstine et al. v. Phoenix Ins. Co.*, 74 S. C. 246, 54 S. E. 372.

"The knowledge of an agent acquired within the scope of his agency is imputable to his principal, and, if an insurance company, at the inception of the contract of insurance has knowledge of facts which render the policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such ground of forfeiture." *Fludd v. Equitable Life Assurance Society*, 75 S. C. 315, 55 S. E. 762.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed and the Order appealed from affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, and Brailsford, JJ., concur.

Bussey, J., did not participate.

Brailsford, Justice (concurring).

Under the common law, a warranty is a statement by the insured on the literal truth of which the validity of the contract depends. This rule has been modified as to accident and health policies of insurance by Sec. 37-451, Code of Laws of South Carolina, 1952. However, the rights of the parties need not be referred to the statute because by the very language of the application, which is quoted in the opinion of the Chief Justice, the applicant's answers were made *to the best of his knowledge*. This is irreconcilable with the claim that the parties intended them as warranties, thus making the validity of the policy depend upon their literal truth. The fact that the application was attached to the policy in accordance with Sec. 37-146, Code of Laws of South Carolina, 1952, and made a part of the contract did not change the essential character of the answers as representations. 45 C. J. S., Insurance, § 473 (4) b. Since appellant's exceptions to the Court's refusal to direct a verdict are based on the mistaken premise that the applicant's answers were warranties, they must be overruled.