THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

RECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Auto Owners Insurance Company, Respondent,
 v.
 Dorothy Pittman, Terri Pittman, Timmy Temple Pittman and Sharon L. Barber, as Personal Representative of the Estate of Joseph M. Taylor, Defendants,
 Of whom Sharon L. Barber, as Personal Representative of the Estate of Joseph M. Taylor is the Appellant.
 
 
 

Appeal From Dillon County
 John M. Milling, Circuit Court Judge
Unpublished Opinion No. 2007-UP-341
Heard March 7, 2007  Filed June 29, 2007
AFFIRMED

 
 
 
 Richard A. Harpootlian, and Graham L. Newman, both of Columbia, for Appellant
 Erin D. Dean, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  In this declaratory judgment action, Sharon Barber, as Personal Representative of the Estate of Joseph Taylor, appeals the circuit courts order granting summary judgment to Auto Owners Insurance Company in which the court held there was no coverage for her claim.  We affirm.  
FACTS
This action involves a general commercial liability insurance policy purchased by Dorothy Pittman.  Dorothy is the sole owner of Pittman Food Store, Inc., a corporation which owns several rental properties.  From 1994 through June 2002, Dorothys daughter-in-law, Terri Pittman, rented one of these properties for the operation of a convenience store called JT&T Food Mart.  The lease agreement was never reduced to writing.  Terri claimed that in exchange for the $500 a month in rent, Dorothy agreed to pay the property taxes on the property and to maintain liability insurance for the operation of the business.  Although Dorothy acknowledged that she agreed to pay the real estate taxes on the property, she denied that she had agreed to provide liability insurance for Terri, Timmy, or JT&T Foodmart.  Terris husband (and Dorothys son), Timmy Pittman, worked part-time at the store. 
 
In 1995, Dorothy completed an application for insurance coverage with Auto Owners seeking coverage for the properties she owned.  Barbara Causey, the agent who completed Dorothys application, was aware that Dorothy did not operate JT&T.  Although the application listed the nature of Dorothys business as property-owner, Causey incorrectly coded Dorothys application as owner/operator of a convenience store and not as a lessor.  Dorothy thereafter paid the slightly higher premiums associated with the incorrect classification. 
 
On July 23, 2000, a frequent patron, Joseph Taylor, who was mentally challenged, became involved in a verbal altercation with one of the stores part-time employees.  Terri, who was working at the time, called Timmy and asked him if she should call the police.  Timmy told her not to call the police and that he would come over to the store.  By the time Timmy arrived at the store, Taylor had already left.  Timmy searched for Taylor and found him off store premises.  Timmy and Taylor engaged in a struggle.  Timmy struck Taylor with a brick and then shot him.  Taylor died as a result of his injuries.  Timmy eventually pled guilty to voluntary manslaughter.
In September 2001, Barber, as personal representative of Taylor, filed a wrongful death suit against Dorothy d/b/a Pittman Food and Drugs and Timmy.  In February 2002, Auto Owners filed a declaratory judgment action seeking an order that Auto Owners did not owe a duty to defend or a duty to indemnify either Dorothy or Timmy in the underlying action.  Thereafter, in May 2003, Barber amended her complaint to remove all allegations against Dorothy, either individually or doing business as Pittman Food and Drug; the amended complaint also added Terri as a defendant.  Thus, the only issue remaining in the declaratory judgment action was whether Auto Owners owed a duty to defend or a duty to indemnify Terri or Timmy under the commercial general liability policy issued to Dorothy.  
 
After a hearing, the circuit court granted summary judgment to Auto Owners.  The court held Auto Owners duties only extended to Dorothy.  In addition, the court held Auto Owners was not estopped from arguing the insurance policy does not cover Terri and Timmy.  Specifically, the court found Auto Owners conduct did not warrant estoppel because the elements of estoppel were not met.  This appeal followed.
 
STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the circuit court under Rule 56(c), SCRCP, which states that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party.  Helms Realty, Inc., 363 S.C. at 340, 611 S.E.2d at 488.  The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  Summary judgment should be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ.  Ellis v. Davidson, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004).
LAW/ANALYSIS
Barber contends the circuit court erred in granting summary judgment to Auto Owners.  Specifically, Barber argues Auto Owners should be estopped from denying coverage to Terri or Timmy because Auto Owners agent filed an insurance application falsely stating Dorothy owned and operated JT&T.  We disagree. 
 
First, we hold the doctrine of estoppel cannot be used to make valid a policy that would provide coverage for JT&T, a business in which Dorothy, the named insured, did not have an insurable interest. 
 
Liability insurance, like other forms of insurance, must be supported by an insurable interest in the named insured.  The insurable interest required does not depend upon the named insured having either a legal or equitable interest in the property, but it is enough that the insured may be held liable for damages to its operation and use.  American Mut. Fire Ins. Co. v. Passmore, 275 S.C. 618, 620-21, 274 S.E.2d 416, 417-18 (1981) (citations omitted).  
 
In Passmore, the named insured added a vehicle belonging to someone else onto his own liability policy when the owner of the vehicle was unable to obtain insurance himself.  The trial court held the insurance company was estopped from denying coverage because it accepted premiums and issued the policy covering the vehicle.  Our supreme court reversed, holding that because the named insured did not have any insurable interest in the vehicle, the policy was illegal and the doctrine of estoppel may not be invoked to make it valid.
 
In the present case, it is undisputed that Dorothy did not have an insurable interest in the business of JT&T.  Accordingly, Barber may not invoke the doctrine of estoppel in an attempt to make valid a policy providing coverage for the business. 
 
Even if the doctrine of estoppel could be invoked in this case, we find the essential elements of estoppel have not been met and thus the doctrine does not apply. 
 
In finding estoppel was not applicable, the trial court applied the traditional essential elements of estoppel.  These elements are:  (1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance.  Pitts v. N.Y. Life Ins. Co., 247 S.C. 545, 552, 148 S.E.2d 369, 371 (1966).
Barber asserts Auto Owners should be estopped based on Small v. Coastal States Life Ins. Co., 241 S.C. 344, 348, 128 S.E.2d 175, 178 (1962).  In Small, the supreme court stated: 
 

 The knowledge of an agent acquired within the scope of his agency is imputable to his principal, and, if an insurance company, at the inception of the contract of insurance, has knowledge of facts which render the policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such ground of forfeiture.  

241 S.C. 344, 350, 128 S.E.2d 175, 178 (citation omitted).  
 
The court held the insurer was estopped from denying coverage where the insured unintentionally misrepresented his health history.  In so finding, the court noted there was evidence the insurers agent had been informed of the insureds medical history.  The court did not examine whether the elements of estoppel had been proven.
Based on Small, Barber argues the correct standard for determining whether an insurer may be estopped from asserting coverage merely depends on whether the insurer has knowledge of facts which render the policy void when the policy is issued.  Barber further contends Small stands for the position that the elements of estoppel need not be proved for estoppel to apply in the insurance context. 
 
We find Barbers assertion that the traditional elements of estoppel are not required under Small is meritless.  Although the supreme court did not specifically address the elements in Small, it did not reject those elements either.  
 
Furthermore, the appellate courts of this state have consistently considered the essential elements set forth in Pitts in determining whether the doctrine of estoppel applies in insurance cases.  See e.g., Standard Fire Co. v. Marine Contract and Towing Co., 301 S.C. 418, 421, 392 S.E.2d 460, 462 (1990); Jost v. Equitable Life Assurances Socy of the U.S., 271 S.C. 492, 496, 248 S.E.2d 778, 780 (1978); The Crescent Co. of Spartanburg v. Ins. Co. of N. Am., 266 S.C. 598, 604, 225 S.E.2d 656, 659 (1976); Ellis v. Metro. Cas. Ins. Co. of N.Y., 187 S.C. 162, 167, 197 S.E. 510, 512 (1938) (stating that in the law of insurance contracts, the essential elements of estoppel are ignorance of the party who invokes the estoppel, representations, or conduct of the party estopped, which mislead, and an innocent and deleterious change of position in reliance upon such representations or conduct).
We find the circuit court did not err in applying the elements of estoppel as found in Pitts.  Considering these elements, the trial court held:

 In this case, there was absolutely no contact between Terri Pittman, Timmy Pittman, and Auto Owners Insurance Company.  Accordingly, there can be no representations or actions taken by [Auto Owners] that was relied on by [Terri and Timmy] and therefore, there are no grounds in the instant case for estoppel.  If [Terri and Timmy] were relying on Mrs. Dorothy Pittman to provide insurance for their business, they had the opportunity to check with her/or obtain a copy of the policy to determine whether or not Terri Pittman, Timmy Pittman, or their business, JT&T Foodmart, were shown as insured on the policy.  Their failure to undertake that action cannot impose liability on Auto Owners. 
 

Barber only challenged the standard the circuit court applied in considering estoppel and did not specifically challenge these findings of facts.  See Weaver v. Recreation Dist., 328 S.C. 83, 88, 492 S.E.2d 79, 82 (1997) (stating the trial courts findings come to the appellate court with a presumption of correctness, and the burden is on the appellant to demonstrate reversible error).  Furthermore, we hold the circuit courts findings are supported by the record.  There is no evidence Auto Owners made any representation of coverage to either Terri or Timmy.[1]  In addition, there is no evidence that Dorothy relied on any representation or conduct by Auto Owners that would support a finding of estoppel in this case.  In fact, Dorothy stated in her affidavit that she only intended to obtain liability insurance for only herself individually and doing business as Pittman Food & Drug.  She denied intending that the policy would also cover Terri, Timmy, or JT&T Foodmart. 
 
We therefore find the circuit court properly concluded Auto Owners was not estopped from denying coverage.    
CONCLUSION
Based on the foregoing, the order of the circuit court is
 
AFFIRMED.   
HUFF, BEATTY, JJ. and CURETON, A.J., concur.  

[1] We note it is of no consequence that Terri thought the lease arrangement with Dorothy included a promise to provide liability coverage.  Any representation made by Dorothy does not translate to a representation made by Auto Owners.