No. 16,599.

First National Bank of Denver *v*. Jones.
(237 P. [2d] 1082)

Decided November 19, 1951.

Messrs. Hughes & Dorsey, Mr. Thomas Keely, Mr. Allan R. Phipps, for plaintiff in error.

Mr. H. Gordon Howard, for defendant in error.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

DEFENDANT in error Jones brought suit against one Harry Bobrick, alleging that Bobrick sold her an automobile, falsely and fraudulently representing that it was clear of liens, when in fact, as he knew, is was subject to mortgage, with the result that plaintiff had been forced to pay $1,000 to satisfy the same; wherefore she sought $1,000 actual damages, and $1,500 exemplary damages. In the same action plaintiff included a claim against defendant in error bank, alleging that it loaned her the sum of $1332.00 "on a chattel mortgage and promissory note, for the purpose of applying on the" price of the automobile purchased from Bobrick and that the agents of the bank so carelessly, negligently and unskillfully examined the title to said automobile that they failed to discover that it was encumbered by the chattel mortgage mentioned in the claim against Bobrick; that she had been forced to pay $1,000 to satisfy said mortgage, therefore had been damaged in the sum of $1332.00 and prayed for recovery of that amount from the bank.

The bank, by answer to the claim asserted against it, alleged that a claim was not stated in the complaint upon which relief could be granted; denied negligence or damage by any of its acts; set up the covenant by plaintiff in her chattel mortgage that said automobile was free and clear of liens, and pleaded estoppel.

At the trial, over objection of defendant bank, plaintiff testified that she made application for a loan from defendant bank through its officer Larson who was in charge of the installment loan department; that she instructed him to investigate the title and determine whether the car was good security; that Larson asked Bobrick if the car was clear of mortgages and the latter said it was clear, and that thereupon she signed the note and mortgage without reading them, on Larson's representation that title was clear. On such evidence, pursuant to verdict of the jury, the court entered judgment against defendant bank.

The matter comes before us for review on specification

of numerous points of error. Patently plaintiff, in her complaint, failed to state a claim against the bank. No agreement or duty is therein alleged whereby the bank should examine title in behalf of plaintiff, and any negligence of its employee in such examination could not be the basis of a claim in her behalf against the bank.

While issues not pleaded may properly be determined by the trial court by consent express, or implied where evidence presenting such issues is tendered and received without objection, nonetheless extraneous issues may not be tried in the absence of amendment of the pleadings where timely objection is made. *Grant Co. v. Casady,* 117 Colo. 405, 188 P. (2d) 881. In the instant case, plaintiff alleged no employment of the bank's agent nor any agreement on his part to examine title in her behalf, but asserted only negligence in examination in behalf of the bank; therefore, it was error to permit the introduction of the evidence tendered to establish a contract that the bank should examine the title in plaintiff's behalf. Such contended employment was not included in the claim set out in the complaint, no leave to amend was given or sought, and the testimony was received over defendant's objection; further, there was no testimony or other evidence as to attempted employment by plaintiff of the bank to examine the title. The testimony was that plaintiff instructed the bank employee Larson to investigate the title in her behalf and that he said he would investigate it. Such agreement was outside the employee's duties in behalf of the bank, and in performing that task Larson became the agent of plaintiff. Any obligation thereunder would be the personal obligation of the employee and not that of his employer bank, and any liability resulting from negligence therein would be the personal liability of the agent, not that of the bank.

It appears that defendant Bobrick has not sought review of the judgment, so other specifications of error need not be considered.

Since plaintiff by her complaint failed to state a

454

claim on which recovery could be had against plaintiff in error, and the evidence, even if it had properly been received, was legally insufficient to establish a claim, the judgment is reversed as to plaintiff in error bank, and the case remanded with instruction to enter judgment of dismissal as to it.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE CLARK and MR. JUSTICE KNAUSS concur.