324

No. 18,612.

UNIVERSAL LIFE AND ACCIDENT INSURANCE COMPANY
*v.* MIKE J. BOPP.
(347 P. [2d] 783)

Decided December 21, 1959.

Messrs. GRANT, SHAFROTH & TOLL, Mr. PETER J. CROUSE, for plaintiff in error.

Mr. FRANCIS R. SALAZAR, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

PLAINTIFF in error was plaintiff below and defendant

in error was defendant. We will hereafter refer to them as Universal and as Mike.

Universal filed its action in the trial court seeking cancellation of a $500.00 industrial type of life insurance policy on the life of Anna M. Bopp, wife of Mike. Fraud was alleged in the insurance application for nondisclosure of ill health, and that Anna was of unsound health on the date of issuance of the policy. Mike counterclaimed as beneficiary for the policy proceeds.

It appears that Anna had been treated for gall bladder trouble (gall stones), was obese and possibly had high blood pressure prior to her insurance application on July 19, 1954. Since she was getting along all right her doctors had stopped treating her for this condition in September 1953, long prior to the date on which she applied for this policy. She did not consult her doctor again for renewed gall bladder trouble until December of 1954. In April 1955, she was operated on for this difficulty, and it then developed that she had a carcinoma of the liver, from which she died on September 29, 1955.

Since Universal failed to comply with C.R.S. '53, 72-3-4 (3), providing that no statement made by the insured shall avoid the policy unless it is contained in a written application, a copy of which must be endorsed upon or attached to the policy when issued, the trial court properly found that " * * * any alleged representations or misrepresentations which the deceased made are not available to this plaintiff in the relief he [sic] seeks." We thus will consider here only the issue of "sound health" which is determinative of the issues presented.

Universal urges that under the "sound health" provision of the policy it has the right to void the policy on the ground of ill health at any time within the policy's two year noncontestable period, where the policy is issued without medical examination. The provision relied upon is found in paragraph 3 of the policy, which reads as follows:

"No obligation is assumed by the company prior to the date hereof nor unless on said date the insured is alive and in sound health."

After the evidence was presented and before submission to the jury, the trial court on motion dismissed the claim for cancellation and granted Mike judgment on his counterclaim. Universal urges that in so ruling the trial court erroneously interpreted the legal effect of the "sound health" clause. It cites as authority for its position 45 C.J.S., Insurance, 427, Sec. 602 (c) and cases cited thereunder, to the effect that unless otherwise provided by statute the general rule is that an insurance company is relieved of liability on a life insurance contract by a sound health clause if the insured is not, in fact, in sound health on the date that the policy is issued. Universal would go further, however, and extend the rule to permit cancellation for death caused by a new disease arising after the policy was effective, even though the insured was in sound health when the policy was issued.

█ We do not quarrel with the general rule urged by counsel, but we cannot agree with the proposed extension thereof. A review of this record discloses no evidence before the trial court making the rule applicable to the instant case. Evidence of poor health both before and after the issuance of the policy as here presented is not evidence of poor health on July 19, 1954, when the policy issued. See *Life Ins. Clearing Co. v. Altshuler* (1898), 55 Neb. 341, 75 N.W. 862 (fatal cirrhosis of liver after medical examination showed fair health, held not to bar recovery). We find no evidence in this record showing that Anna in fact had cancer or was in unsound health on the policy issue date or that any of her prior ailments or diseases were of such a continuing nature as to place her in unsound health in insurance terms on the policy date, therefore, the trial court was correct in dismissing the complaint and directing a verdict for Mike on his counterclaim.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DAY concur.