## No. 19,398.

FLOYD S. BENSON *v.* BANKERS LIFE AND CASUALTY CO.

(362 P. [2d] 1039)

Decided July 3, 1961.

Mr. DAVID B. RICHÉSON, for plaintiff in error.

Messrs. WELLER, FRIEDRICH & HICKISCH, Mr. WILLIAM HAZLETT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

THE parties will be referred to as they appeared in the

trial court where plaintiff in error was plaintiff and Bankers Life and Casualty Company was defendant. The action sought recovery on a policy of health or medical payment insurance issued March 4, 1958, whereby defendant agreed to pay medical expenses in consideration of the payment by plaintiff of monthly premiums.

The claim alleges that in November of 1958 plaintiff underwent operations which cost $1,153.00, which operations it is alleged were within the coverage of the insurance contract. Defendant refused to pay.

In its answer, defendant alleged that plaintiff applied for two policies of insurance, one a family medical and surgical policy and the other a preferred family hospital plan; that plaintiff's answers to questions in the application were false and that the policies were issued in reliance thereon.

The false statements contained in the application here pertinent are these: To the question whether the plaintiff had ever been turned down or restricted in attempts to get insurance, the answer was "no." To the question whether he had ever had a nervous breakdown or mental illness, the answer was again "no." He also answered "no" to the question whether he had ever had appendicitis, and to whether he had ever had any physical check up not mentioned. The truth was that plaintiff had been denied insurance in 1945, had had a nervous breakdown requiring hospitalization at the State Hospital at Pueblo in 1937; had had an appendectomy in 1920, had had colonic trouble, and had been in at least two auto accidents. He had fallen and broken his breast bone in 1933 and on another occasion he was gassed in a boiler room.

Plaintiff also answered that he had no other insurance when in fact he had a Blue Cross policy at that time.

He answered "yes" to the question whether he understood and agreed that the company "is not bound by any knowledge of, or statements made by, or to any agent, unless set forth herein."

At the trial plaintiff testified that defendant's agent,

a Mr. Emmot, had filled out the application for him and had told him that the company was only interested in his medical history for the past five years. Emmot denied ever making such a statement which was contrary to the provisions of the policy itself. On cross examination, plaintiff admitted that he had had some undisclosed illnesses during the period of five years previous to the application for this insurance. It appeared that he had been treated by a doctor for minor accidents during the period of 1952 to 1955.

The trial court found:

"That said insurance policy was issued to plaintiff upon an application signed by plaintiff, but which was filled in by the agent for the defendant in response to the agent's questions to the plaintiff.

"That at the time of the application, agent orally informed plaintiff that illnesses occurring five or more years previous to application were of no importance to the policy herein.

"That the subject matter of the misrepresentations as shown on the application herein in no way contributed to the illness for which plaintiff seeks recovery under this policy."

Thereafter the matter was taken under advisement and finally recovery on the policy was denied and an order was entered for judgment in favor of the plaintiff in the amount of $88.20 which represented the premiums paid. Apparently the court concluded that the facts as found were not legally pertinent and that defendant was entitled to avoid the policy.

1. The primary issue for determination is whether a misstatement of an insurance company agent that the company is interested only in illness which occurred within the previous five year period, which statement is contrary to the express terms of the insurance contract, is binding upon the company so as to require that the policy be upheld and enforced notwithstanding the falsity of the information contained therein.

██ C.R.S. '53, 72-1-25, provides in part:

" * * * but no statement or declaration made to or by an agent, examiner or other person, not contained in the application shall be taken or considered as having been made to or brought to the notice or knowledge of the company, or as charging it with any liability by reason thereof."

Our cases have given effect to the above provision. Thus *Warner v. Farmers' Automobile Inter-Insurance Exchange,* 104 Colo. 359, 90 P. (2d) 965, applied the principle embodied in the statute by upholding a stipulation in the contract of forfeiture for non-payment of premiums notwithstanding an agent's assurance to the contrary. See also *Commonwealth Casualty Insurance Co. v. Kuhrt,* 75 Colo. 175, 225 Pac. 251. There the agent had said that the policy would be in force from the application date. This was contrary to the issuance date set forth in the application. The insured was held to be bound by the provisions of the contract. See also *Sun Fire Office v. Wich,* 6 Colo. App. 103, 39 Pac. 587, and cf. *Modern Woodmen of America v. The International Trust Co.,* 25 Colo. App. 26, 136 Pac. 806, and *New York Life Insurance Co. v. Fletcher,* 117 U.S. 519, 6 S. Ct. 837, 29 L. Ed. 934.

██ In the light of the above cited authorities, the issue must be resolved contrary to plaintiff's contention. The agent's oral representations, contradicting the express terms of the insurance contract, could not be binding on the defendant company.

2. The trial court further found that the subject matter of the misrepresentations, as shown on the application, in no way contributed to the illness for which the plaintiff sought a recovery. As we view it, the issue embodied in this finding was not germane in determination of the case. The important question was whether the policy was issued in reliance on the statements made in the application. The undisputed evidence is that the policy would not have been issued had the company

known the truth about plaintiff's illnesses during the five year period prior to the application and before that date.

■ Our decisions have uniformly held that policies issued upon the basis of false information may be avoided by the company once the truth is ascertained. See *Germania Life Insurance Co. v. Klein,* 25 Colo. App. 326, 137 Pac. 73; *Capitol Life Insurance Company v. Thurnau,* 130 Colo. 354, 275 P. (2d) 940; *Safeco Insurance Co. v. Gonacha,* 142 Colo. 170, 350 P. (2d) 189, and *Drake v. State Farm Mutual Automobile Insurance Company,* 142 Colo. 244, 350 P. (2d) 566.

Here the plaintiff signed the application after the questions and answers had been read to him, including the question whether he understood that the company "is not bound by any knowledge of or statements made by, or to any agent, unless set forth herein." The statements are clear and unequivocal and were palpably false. To relieve the plaintiff of the consequences of his misstatements would violate fundamental principles of the law relating to both evidence and contracts.

The trial court's judgment was correct and although there was no finding on the issue of reliance by the company on the misstatements in the application, such a finding under the record here was unnecessary. Therefore, the case need not be remanded for the purpose of entering such a finding.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MOORE concur.