BARKDULL, Chief Judge.
Appellant, defendant in the trial' court, appeals from an adverse final judgment entered as a result of a common law action instituted by the plaintiff-appellee to recover under an insurance policy for an alleged loss occasioned by “theft or otherwise”. To this complaint, the company filed an answer containing the following affirmative defense:
* * * * * *
“ * * * The Defendant specifically alleges that the Plaintiff sustained and/or received indemnity for a loss of the kind covered by the policy of insurance sued upon within the five year period preceding the issuance of said policy, and that the Plaintiff misrepresented and concealed said prior loss and/or indemnity, and that had the Defendant known of the prior loss the policy of insurance sued upon would not have been issued to the Plaintiff, and that therefore the policy of insurance sued upon was issued by the Defendant to the Plaintiff in reliance upon false representations of the Plaintiff, and that therefore the Plaintiff procured and obtained issuance of the policy of insurance sued upon by fraud and misrepresentations.”
******
At the time of the trial, the trial judge refused to permit testimony by officials of the appellant into evidence, which would have disclosed that during the preliminary negotiations the appellee denied sustaining any losses within 5 years prior to the issuance of the policy in question and that, if the company had in fact known of such losses, it would not have issued the policy in question. The testimony sought to be elicited from the witnesses was duly *464 proffered in the record and was preserved for consideration by this court. See: Musachia v. Terry, Fla.App.1962, 140 So.2d 605; Rule 1.37(b) Florida Rules of Civil Procedure, 30 F.S.A.
It appears that the trial judge erred in excluding this testimony which, pursuant to the provisions of § 627.01081, Fla.Stat., F.S.A., could have been material to the representation made by the appellee and, with such evidence before him, the trier of the facts might have found the representation to be material. Counsel for the appellee contends that the appellee was not asked the specific question relative to the degree of coverage as indicated in the policy[1] and, therefore, it is immaterial that the appellee denied any losses if, in fact, this occurred. However, as pointed out in Prudential Insurance Co. of America v. Whittington, Fla.App.1957, 98 So.2d 382, the negative reply to whether or not the appellee had suffered any losses within the period involved forestalled any further inquiry as to the nature of losses and, this occurring during the negotiation stage of the issuance of the policy, it was a relevant matter which should have been considered by the trier of the fact.
No merit is found in the contention that the appellee had a right to object to the witnesses testifying because they were not enumerated in a pre-trial discovery interrogatory, which reads as follows:

“5. Please state full name and present address, giving street number, city and state, of every person known to you or your attorney who has any knowledge regarding the facts and circumstances surrounding the occurrence of the burglary and loss complained of in this case, including eyewitnesses, and any and all other persons having knowledge thereof.”
* * * * * *
This interrogatory went to those who had knowledge of the theft or loss, and not an inquiry as to those who were familiar with the circumstances surrounding the issuance of the policy in the first instance.
Therefore, the final judgment here under review is hereby reversed, with directions to-grant the appellant a new trial.
Reversed with directions.

. “ ‘BURGLARY’ means tlie felonious abstraction of insured property (1) from within the premises by a person making a felonious entry therein by actual force and violence * * *