472 P.2d 174 (1970)
Ann Marlene FALLIS, Administratrix of the Estate of Jack D. Fallis, Deceased, and Tawny Rae Fallis, through her Guardian, Ann Marlene Fallis, Plaintiffs in Error,
v.
ZURICH INSURANCE COMPANY, Defendant in Error.
No. 70-087. (Supreme Court No. 23363.)
Colorado Court of Appeals, Div. I.
May 12, 1970.
Rehearing Denied May 21, 1970.
*175 Gordon H. Rowe, Jr., Monte Vista, for plaintiffs in error.
Charles R. Corlett, Monte Vista, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error was plaintiff below and will be referred to as such throughout this opinion although he is now deceased and his wife (as administratrix of his estate and as guardian of his daughter) and his daughter have been substituted as parties in his place.
This is a case of first impression in Colorado. The facts are as follows. Plaintiff was a member of the Colorado Farm Bureau, under whose group health insurance policy with Colorado Blue Cross he had obtained health and accident coverage. However, Farm Bureau decided to change insurers and, accordingly, took out a new policy with defendant. Under the terms of the agreement with defendant, Farm Bureau members would be allowed to transfer their coverage to the new policy without submitting proof of insurabilityprovided they did so prior to October 1, 1964. After that date, transfer could be made only by application giving proof of insurability for a ten-year period immediately prior to the date of the application.
Plaintiff did not transfer before the deadline; however, after conversations with one George Benton, an insurance agent of Farm Bureau, and while his coverage with Blue Cross was still effective, he ultimately decided to transfer and submitted the required application. The application was actually filled out by Benton in plaintiff's presence, and was read and signed by plaintiff. He requested coverage for his entire family, including his wife, Marlene.
The application contained, among other items, the following instruction:
"1. List the names of the persons you wish to insure. For what ailments have the members of your family (if they are also to be insured) been under observation of had medical or surgical advice or treatment or been hospital confined during the past ten years. (Give details below.)"
Opposite the name "Marlene Fallis," in the column provided for information required by Instruction 1, supra, there appeared the following complete entry:
"Phneumonia [sic]  Dr. John Haskins, Center, Colorado, January, 1964."
Plaintiff's application was approved and he was issued a certificate of coverage for his entire family, effective January 1, 1965. The date on which the certificate was received is not clear from the record, although it was prior to February 23, 1965.
*176 On February 23, 1965, Marlene was examined by a doctor and found to be suffering from a serious lung condition which required hospitalization and surgery. As a result, plaintiff filed a claim with defendant, which the latter refused to pay, instead tendering a return of premiums paid. Plaintiff then sued to recover the amount claimed. Defendant interposed as an argument of defense (1) that plaintiff had failed to disclose a complete medical history of his wife as required in the application, and had misrepresented her health history; (2) by so doing, he had made a fraudulent and material misrepresentation which induced defendant to provide coverage it would not otherwise have provided; and (3) that his coverage was, therefore, void. Plaintiff maintained that he had made no misrepresentation in his application. He further contended that even if he had, defendant could not defend against liability on the basis of statements contained in the application, since it was not attached to the insurance policy, or to the certificate of coverage issued to him.
The pretrial order, entered without objection, stated the sole factual issue to be determined was whether plaintiff's answers with regard to his wife's medical history were false; and if so, whether they constituted material, fraudulent misrepresentations which would void the coverage provided under the group policy.
At trial, it was conclusively established that Marlene had indeed had pneumonia in January of 1964, as reported on the application; but that she had also had it in 1961 and 1963, with phlebitis complicating it in 1963 and 1964. On this and other evidence, the court found that plaintiff's answers were not true, although, in part, the basis for extension of coverage to Marlene, which would not have been afforded had the truth been known; and that the "failure to disclose [Marlene's] medical history was material to the question of whether or not insurance would be issued." The court further found that although Colorado Farm Bureau's application for the policy was attached to the policy, plaintiff's individual application was not, but was "substantially attached" since filed in a drawer in the same filing cabinet with the policy. Finally, the court found that plaintiff's application was not attached to the certificate of coverage issued to him under the policy.
The court concluded (1) that defendant could defend against liability on misrepresentation, whether or not plaintiff's application was physically attached to the policy or certificate; and (2) that plaintiff's misrepresentation voided coverage under the policy. Judgment was entered for defendant; new trial was denied and error taken.
We are greatly aided in our examination of alleged errors in this action by the very detailed findings of fact and conclusions of law submitted by the trial court, and by the exhaustive and articulate briefs presented by counsel. There is a dearth of case authority regarding the problems presented. However, the leading case interpreting similar matters is Layman v. Continental Assurance Co., 416 Pa. 155, 205 A.2d 93. Our conclusions are in accord with the results reached in that action and the cases cited therein.
Did the Court Err in Permitting Defendant to Defend on the Basis of Statements Made in Plaintiff's Application for Coverage, Which was not Attached to the Policy, or to the Certificate Issued Under the Policy?
It is the plaintiff's contention that either C.R.S.1963, 72-10-11, or C.R.S.1963, 72-10-16, require the application of each individual member of the group seeking coverage under the group policy to be attached to the master policy or to the certificate issued thereunder, if the individual member is to be bound by statements made therein.
We have diligently searched for indications of the legislative intent behind these statutes as they apply to group health insurance. We have been unable to find any information as to whether or not the legislature intended that an individual group member's application be attached in the fashion plaintiff contends, since records of *177 legislative deliberation on these statutes have not been preserved. We are therefore forced to rely on the bare wording of the statutes in our determination of this issue.
C.R.S.1963, 72-10-11, as applicable to the instant case, states:
"(1) The insured shall not be bound by any statement made in an application for a policy unless a copy of such application is attached to or endorsed on the policy when issued as a part thereof.
"* * *
"(3) The falsity of any statement in the application for any policy covered by this article may not bar the right to recover thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer." (Emphasis added.)
The effect of this statute is (1) to bar the insurer from defending against liability to the insured under a policy, on the basis of statements in an application not attached to the policy; and (2) even when the application is attached, to bar the insurer from denying recovery unless the false statement involved materially affected the acceptance of the risk or hazard assumed by the insurer.
We do not rule in the instant case on whether plaintiff, as a member of the Farm Bureau, was an "insured" within the meaning of this statute. However, whatever his status in that regard, he was not the applicant for a "policy", but only the applicant for a certificate of coverage under the policy. Colorado Farm Bureau was the applicant for the "policy." Further, no "policy" was ever issued to plaintiff, to which his application must have necessarily been attached; but only a certificate of coverage.
C.R.S.1963, 72-10-16, regarding group sickness and accident insurance, as applicable in this case, states:
"(2) (a) Each such policy shall contain in substance the following provisions:
"(b) A provision that the policy, the application of the policyholder, if such application or copy thereof is attached to such policy, and the individual applications, if any, submitted in connection with such policy by the employees or members, shall constitute the entire contract between the parties, and that all statements, in the absence of fraud, made by any applicant or applicants shall be deemed representations and not warranties, and that no such statement shall avoid the insurance or reduce benefits thereunder unless contained in a written application for such insurance.
"(c) A provision that the insurer will furnish to the policyholder, for delivery to each employee or member of the insured group, an individual certificate setting forth in summary form a statement of the essential features of the insurance coverage of such employee or member and to whom benefits thereunder are payable. * * *" (Emphasis added.)
In effect, C.R.S. 1963, 72-10-16 requires the inclusion of the foregoing mandatory provisions as part of the terms of the contract of insurance, and makes them enforceable as such. Therefore, statements made by the policyholder can be used against it only if its application is attached to the policy.
Neither of these subsections, however, requires the mandatory inclusion in the policy of a provision that the application of an individual member must be attached to the policy, or to the certificate issued thereunder, as a condition precedent to the use of statements in that application as a defense to liability, although subsection (2) (b) indicates that any such statements are admissible in evidence whenever contained in a written application submitted to the insurer. The statements in the instant case were contained in a written application submitted to the insurer.
Subsection (2) (c) in no way addresses itself to the issue of attachment of the individual member's application to either the *178 policy or to the certificate issued thereunder.
We cannot believe that the legislature intended, by use of the wording of these statutes, that all applications made by individual employees or members of a group be attached to the original policy issued to the group.
We therefore hold that the provisions of C.R.S.1963, 72-10-11 and C.R.S.1963, 72-10-16 do not require attachment of a copy of the individual member's application for coverage under group health insurance policy to that policy, or to the certificate of coverage issued thereunder, and that the trial court's conclusion to this effect is not in error.
Did the Court Err in Finding That Plaintiff's Answer to the Question Regarding His Wife's Medical History was a Material, Fraudulent Misrepresentation Which Voided His Insurance Coverage?
The answer to this question is no. There is sufficient evidence in the record from which the trial judge, as finder of fact, could conclude (1) that the answer given by plaintiff regarding his wife's prior medical history, although true to the extent given, was nevertheless false, by omission of mention of several previous, similar illnesses of which plaintiff was completely aware; and (2) that it therefore constituted a material, fraudulent misrepresentation.
There is also sufficient testimony in the record that had the answer given included all the information requested, defendant would never have extended coverage to Marlene.
That the answer given by plaintiff in his application was sufficient to void the policywhether a "misrepresentation" or a "warranty"is clear from Germania Life Ins. Co. v. Klein, 25 Colo.App. 326, 137 P. 73, 75, where the court stated:
"The foregoing authorities [referring to cases cited previously in the opinion], including the decisions of the highest courts of this state, we regard as conclusive on the proposition that, if representations made in answer to specific questions material to the risk are untrue, the policy will thereby be rendered void, and it is immaterial whether such answers be considered warranties or representations, or whether they were made with intention to deceive the insurer or without such intention."
It is difficult to see how anything can be more material to the risk assumed under a health insurance policy than the previous medical history of those to be covered, even though no intent to defraud is indicated in the instant case. The trial judge's findings of fact are supported by the evidence and will not be overturned on review.
Did the Court Err in Finding that the Farm Bureau's Application for the Master Policy was Attached to the Policy as Required by Statute; and that the Defendant was not Negligent in Investigating the Wife's Medical History in Light of the Fact that it was on Notice that She had Previously had Pneumonia?
Our answer is again no.
We find in the record uncontrovered evidence that the Farm Bureau's application was attached to its policy.
The pleadings in this case do not put in issue defendant's negligence (if any) in the conduct of its inquiry (if any) into the wife's prior medical history. The pretrial order stated that the sole factual issue to be determined in this case was whether any material, fraudulent misrepresentations as to the wife's health were made in the application submitted by plaintiff. This order was not objected to. The issue of defendant's negligence was raised for the first time in this Court, and accordingly we refuse to consider it.
For the reasons above, we hold that the trial court's findings, and applications of *179 the law thereto, in this case were not in error.
Judgment is affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.