296 So.2d 69 (1974)
CENTRAL MUTUAL INSURANCE CO., Appellant,
v.
Edna M. CROPPER, Administratrix Ad Litem for the Estate of Robert Thomas Cropper, Appellee.
No. 73-859.
District Court of Appeal of Florida, Second District.
June 19, 1974.
Treadwell, Emerson & Elkins, Naples, for appellant.
William G. Crowley, Naples, for appellee.
*70 GRIMES, Judge.
On July 22, 1970, Robert Thomas Cropper was involved in an automobile accident which resulted in a lawsuit being brought against him. The appellant (company), as Cropper's liability insurer, was joined as a defendant. The company denied coverage asserting that Cropper had made material misrepresentations in his application for insurance. Cropper cross-claimed against the company. Thereafter, Cropper died. The company appeals a summary judgment entered in favor of Cropper's administratrix on the question of coverage. The original plaintiff did not participate in the appeal.
The application contained the following question: "Is applicant or any driver of car(s) physically or mentally impaired? If yes, explain." According to the affidavit of the company's former agent, this question was explained to Cropper as encompassing an inquiry whether Cropper had ever had "black outs, heart attacks, heart seizures, diabetes or seizures of any kind." The affiant stated that Cropper denied having any of these ailments, and, accordingly, the question on the application was answered in the negative. However, the deposition of Cropper's physician as well as the medical and hospital records show that Cropper had experienced myocardial infarctions for which he was hospitalized on several occasions, and that he had been diagnosed to have arteriosclerotic heart disease and congestive heart failure.
The applicable statute is Fla. Stat. § 627.409(1), F.S.A. which reads:
"(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) Fraudulent; or
(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
We observe at the outset that the company does not rely solely upon the written answer to the question on the application form. The fact that a person has suffered a heart attack in the past would not necessarily render him physically impaired today. However, if the oral questions and answers about Cropper's physical condition occurred as stated in the agent's affidavit, there was clearly a "misrepresentation" by Cropper. The record also shows that the nature of the alleged misrepresentation was such that had the company known the truth it would have required a higher premium or would not have written the policy at all. Therefore, at best, the summary judgment could only be sustained if the oral statements allegedly made by Cropper could not legally be considered.
Questions concerning the applicability of the parol evidence rule frequently arise where the insured says that he spoke the correct or true answer to the insurance agent who then inserted the wrong or false answer in the application form. See Annot. 26 A.L.R.3d 6, 158 (1969). In such cases "parol evidence is admissible to show that the answer written in the application is not the answer given by the applicant." *71 Massachusetts Bonding & Ins. Co. v. Williams, 1936, 123 Fla. 560, 167 So. 12. If the insured can show by parol that the answer appearing on the application was not the answer that he spoke, we see no justice in denying the insurer the opportunity to prove that the insured gave oral misrepresentations as a predicate to filling out the application. Cf. Willett v. National Accident & Health Ins. Co., 1935, 208 N.C. 344, 180 S.E. 580.
The relationship between an insured and his insurer is contractual. Jefferson Insurance Company v. Fischer, Fla. 1964, 166 So.2d 129. Parol evidence is always admissible to show fraud or misrepresentation in the inducement of a contract. Hartsfield v. Williams, 1941, 145 Fla. 709, 200 So. 220; Roper v. Florida Public Utilities Co., 1938, 131 Fla. 709, 179 So. 904; Wise v. Quina, Fla.App.1st, 1965, 174 So.2d 590; see 44 Am.Jur.2d, Insurance § 2034.
At least one state legislature has seen fit to exclude from consideration anything except that which appears on the written application,[1] but our legislature has not spoken in a similar fashion. In fact, our statute strongly suggests that parol evidence may be considered, because it refers to statements made by an insured "in negotiations" for a policy. In Pennsylvania Thresh. & F.M.C. Ins. Co. v. Koltunovsky, Fla.App.3d, 1964, 166 So.2d 462, our sister court reversed the court below for having refused to permit insurance company officials to testify that the insured made material misrepresentations during preliminary negotiations for the policy.
The order granting summary judgment is reversed.
MANN, C.J., and BOARDMAN, J., concur.
NOTES
[1] See Benson v. Bankers Life & Casualty Co., 1961, 147 Colo. 175, 362 P.2d 1039; Universal Life & Accident Ins. Co. v. Bopp, 1959, 141 Colo. 324, 347 P.2d 783.