572 P.2d 487 (1977)
Alfred PRATO and Jean Prato, Plaintiffs-Appellees,
v.
MINNESOTA MUTUAL LIFE INSURANCE CO., Defendant-Appellant.
No. 76-926.
Colorado Court of Appeals, Div. III.
August 18, 1977.
As Modified On Denial of Rehearing September 22, 1977.
Certiorari Denied December 12, 1977.
Peter H. Ney, P.C., Littleton, for plaintiffs-appellees.
Fuller & Evans, Dwight A. Hamilton, William H. Lawrence, Denver, for defendant-appellant.
VanCISE, Judge.
Plaintiffs, Alfred Prato and Jean Prato, brought this action against defendant, Minnesota Mutual Life Insurance Co., to recover as beneficiaries of a $50,000 insurance *488 policy on the life of their deceased son, Richard A. Prato, M.D. The trial court found that, although the decedent had not paid any portion of the first year premium, the insurance agent, as agent of defendant, had, by delivering the insurance policy without obtaining a receipt for the policy for inspection only, waived the requirement for the premium to be paid before the policy became effective. The court, therefore, entered judgment in favor of the plaintiffs. Defendant appeals, and we reverse.
Application for two policies on decedent's life was made with defendant's agent, one Yoswa; however, the company rejected the application based on decedent's medical history. The company was willing to issue a policy at roughly twice the normal premium on a cash, rather than financed, basis, so two policy forms were sent to Yoswa, one for $50,000 and one for $75,000, both set up for a cash sale. Realizing that decedent could not afford the increased premium in full, Yoswa obtained the company's commitment to accept premium financing with a greater down payment.
On September 20, 1973, Yoswa took the two policy forms to a meeting with decedent. The decedent rejected the $75,000 policy. Yoswa left the $50,000 policy for inspection by decedent and his father without obtaining a receipt specifying that the delivery was for inspection only. When he next attempted to contact the decedent, on October 9, 1973, Yoswa learned that the decedent had been killed in a motorcycle accident.

I.
Seeking reversal of the trial court's judgment, defendant contends that the issue of waiver of payment of the first premium was not properly raised and tried in the court below. We disagree.
The trial court had a duty to consider issues raised by the evidence even though the matter was not pled and no formal application was made to amend. Cady v. Fraser, 122 Colo. 252, 222 P.2d 422; C.R.C.P. 15(b). Defendant failed to object to the presentation of evidence concerning the issue, so he cannot now complain of failure to amend the pleadings. Shively v. Board of County Commissioners, 159 Colo. 353, 411 P.2d 782; First National Bank v. Jones, 124 Colo. 451, 237 P.2d 1082. See Great American Insurance Co. v. Ferndale Development Co., 185 Colo. 252, 523 P.2d 979.

II.
Even though it was proper to consider the issue of waiver, we agree with the defendant's contention that the agent did not have authority to waive the payment of the first premium.
The policy provides that:
"This policy and the written application for it, a copy of which is attached hereto, constitute the entire contract.
"Only an officer of the company is authorized to alter this policy or to waive any of the company's rights or requirements."
The attached application specifies that:
"The company shall incur no obligation because of this application unless and until the policy is delivered to the applicant and the full first premium specified in the policy is actually paid to and accepted by the company during the lifetime of the proposed insured. . . ."
While any ambiguity in an insurance contract should be construed in favor of the insured, Wilson v. Automobile Owners Association Insurance Co., 148 Colo. 550, 366 P.2d 654, in this case the contract, when taken as a whole, is not ambiguous. The application provides that the first premium must be paid before the policy is effective, and the policy states that only an officer of the company is authorized to alter the policy or waive any rights of the company thereunder. Even assuming the agent attempted to waive the necessity of payment of the premium, such attempt contradicted the express terms of the policy and thus was ineffective. Benson v. Bankers Life & Casualty Co., 147 Colo. 175, 362 P.2d 1039.
An insurer may waive provisions that the policy shall not become binding *489 unless the first premium is paid, and an unconditional delivery of the policy gives rise to a presumption that a credit for the first premium was intended and that prepayment has been waived. See National Mutual Fire Insurance Co. v. Sprague, 40 Colo. 344, 92 P. 227. However, here decedent requested that the $50,000 policy be left with him for him for further inspection and for discussion with his father concerning financing, and the policy was left for such purposes. This was not unconditional delivery and no presumption arose. Massachusetts Mutual Life Insurance Co. v. National Bank of Commerce, 95 F.2d 797 (4th Cir., 1938).
Since there is no evidence in the record from which the trier of fact could conclude that an officer of the company waived the express terms of the policy requiring payment of the first premium, the finding that waiver had occurred was not supported and the judgment must be reversed.
Judgment reversed and cause remanded with instructions to dismiss the complaint.
SILVERSTEIN, C. J., and RULAND, J., concur.