PER CURIAM.
We reverse the summary final judgment under appeal. This case is indistinguishable from U.S. Security Ins. Co. v. Levites, 625 So.2d 1232 (Fla. 4th DCA 1993). Here the lower court erred in summarily deciding that appellee-Philone did not make a material misrepresentation in his application for insurance by responding negatively to a question from the insurer’s agent as to whether he had any restrictions on his driver’s license.
The fact that the agent’s question and Philone’s answer were oral communications, that were not reflected on the written application, does not mean that Philone’s answer, as a matter of law, was not a misrepresentation. See Central Mut. Ins. Co. v. Cropper, 296 So.2d 69 (Fla.2d DCA 1974); Pennsylvania Thresh. & F.M.C. Ins. Co. v. Koltunovsky, 166 So.2d 462 (Fla.3d DCA), cert. denied, 171 So.2d 390 (Fla.1964); § 627.409(1), Fla.Stat. (1995). Because there is a genuine issue of material fact as to the existence of the alleged misrepresentation, we reverse and remand for further proceedings.
Reversed and remanded.